UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NEEISHA ROGERS,

    Plaintiff,

v.                                                       Case No: 8:14-cv-2366-T-27MAP

MATTHEWS-CURRIE FORD CO.,

    Defendant.
_____/

## ORDER

**BEFORE THE COURT** is Matthews-Currie Ford Co.'s Motion to Dismiss the First Amended Complaint (Dkt. 7) and Plaintiff's response (Dkt. 11). Upon consideration, the Motion is **GRANTED**. The parties agreed to arbitrate any disputes arising from their contract. Accordingly, this action is subject to dismissal in favor of arbitration of Plaintiff's TILA claims.

### I.    BACKGROUND

The following facts are taken as true from the First Amended Complaint. Plaintiff Neeisha Rogers purchased a vehicle from Defendant Matthews-Currie Ford Co. The parties executed a Retail Installment Contract which included certain disclosures under the Truth in Lending Act, 15 U.S.C.A. § 1601 (TILA). Rogers also purchased GAP insurance as a condition of financing, but the cost was not included in the assessed Finance Charge. As a result, Rogers alleges Matthews-Currie failed to provide the required disclosures under TILA.

The Contract includes an "Agreement to Arbitrate," requiring that any controversy or claim arising out of the Contract be arbitrated (Dkt. 4-1 at 5). Based on this Agreement, Mathews-Currie

requests that the Amended Complaint be dismissed and that Rogers' claims be submitted to arbitration. Rogers contends that the Agreement is unenforceable because it failed to inform her that she was waiving TILA claims and as such, she could not have knowingly waived her right to pursue TILA claims in a judicial forum.

## II. STANDARD

Arbitration is a matter of contract. *Rent-A-Center, W., Inc. v. Jackson*, 561 U.S. 63, 67, 130 S. Ct. 2772, 2776, 177 L. Ed. 2d 403 (2010). Under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 et seq., a written arbitration agreement "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The FAA embodies "a liberal federal policy favoring arbitration agreements," *Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 24, 103 S. Ct. 927, 941, 74 L. Ed. 2d 765 (1983). While the FAA expresses a federal preference for arbitration, Congress tailored the statute "to make arbitration agreements as enforceable as other contracts, but not more so." *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 404 n.12, 87 S. Ct. 1801, 1806, 18 L. Ed. 2d 1270 (1967). The FAA is, therefore, subject to constraints.

A party seeking to compel arbitration under the FAA must demonstrate that "(a) the plaintiff entered into a written arbitration agreement that is enforceable 'under ordinary state-law' contract principles and (b) the claims before the court fall within the scope of that agreement." *Lambert v. Austin Ind.*, 544 F.3d 1192, 1195 (11th Cir. 2008). Under the FAA, arbitration agreements are enforceable except where state or federal law provides grounds for their revocation. *Caley v. Gulfstream Aerospace Corp.*, 428 F.3d 1359, 1368 (11th Cir. 2005) ("state law governs whether an enforceable contract or agreement to arbitrate exists"). In making this determination, "generally

applicable contract defenses, such as fraud, duress, or unconscionability, may be applied to invalidate arbitration agreements." *Doctor's Associates, Inc. v. Casarotto*, 517 U.S. 681, 687, 116 S. Ct. 1652, 1656, 134 L. Ed. 2d 902 (1996).

## III.  DISCUSSION

Rogers contends the Agreement to Arbitrate is unenforceable because it fails to expressly disclose that she loses her right to file TILA claims in a judicial forum, relying solely on *Parker v. DeKalb Chrysler*, 673 F.2d 1178 (11th Cir.1982). *Parker* is distinguishable, however. In *Parker*, the plaintiff signed a general release that provided, "[f]or and in consideration of $500.00, I, Marlene V. Parker, hereby release and forever discharge DeKalb . . . from any and all claims from the beginning of the world to the date of these presents." *Id.* at 1179. The Eleventh Circuit determined that the release did not bar the plaintiff's TILA claim because she was unaware that she was releasing that claim. *Id.* at 1182. Unlike the plaintiff in *Parker*, Rogers simply agreed to arbitrate her dispute with Matthews-Currie. Her right to pursue her TILA claims was not eliminated. *See Anders v. Hometown Mortg. Services, Inc.* 346 F.3d 1024, 1029 -1030 (11th Cir. 2003) (party agreeing to arbitrate statutory claims "does not forgo the substantive rights afforded by the statute; it only submits to their resolution in an arbitral, rather than a judicial, forum.").

The Supreme Court has recognized that "so long as the prospective litigant effectively may vindicate [his or her] statutory cause of action in the arbitral forum, that statute will continue to serve both its remedial and deterrent function." *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 28, 111 S. Ct. 1647, 1653 (U.S. 1991) (quoting *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 637 (1985)). Additionally, "[c]ourts have consistently found that claims arising under federal statutes may be the subject of arbitration agreements and are enforceable under the

FAA." *Weeks v. Harden Mfg. Corp.*, 291 F.3d 1307, 1313 (11th Cir. 2002) (citing *Mitsubishi*, 473 U.S. at 628). The Agreement to Arbitrate is therefore enforceable as to Plaintiff's TILA claims. And those claims fall within the scope of the arbitration agreement. The Agreement covers any "Dispute" which is defined as "any controversy or claim between [the parties] arising out of or in any way related to this Contract" (Dkt. 4–1 at 5). "Any disputes means all disputes, because any means all." *Anders*, 346 F.3d at 1028.[1]

Accordingly, Matthews-Currie's Motion to Dismiss (Dkt. 7) is **GRANTED**. This action is **DISMISSED with prejudice** in favor of arbitration of Plaintiff's TILA claims in accordance with the parties' agreement to arbitrate. The Clerk is directed to close this case.

**DONE AND ORDERED** this 5th day of March, 2015.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Counsel of Record

---

[1] Because the arbitration clause is enforceable, Matthews-Currie's remaining arguments are not addressed.